JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA FOR THE USE OF ENVIROWORKS, INC., and ENVIROWORKS, INC.

### DEFENDANTS
COASTAL ENVIRONMENTAL GROUP, INC., and AEGIS SECURITY INSURANCE COMPANY

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **LANCASTER**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Thomas J. Anderson, P.C. L.L.O., 12020 Shamrock Plaza, Suite 333, Omaha, NE 68154-3537

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| [X] 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
40 U.S.C. 3131
Brief description of cause:
Contract Breach and Tortious Interference

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 2,420,220.96 (+) Punitive (+) Atty
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
(See instructions) JUDGE _____ DOCKET NUMBER _____

DATE: 12.23.11
SIGNATURE OF ATTORNEY OF RECORD: /s/ Thomas J. Anderson

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>FOR THE USE OF )<br>ENVIROWORKS, INC., and )<br>ENVIROWORKS, INC., )<br>)<br>      Plaintiffs )<br>)<br>vs. )<br>)<br>COASTAL ENVIRONMENTAL )<br>GROUP, INC. AEGIS SECURITY )<br>INSURANCE COMPANY, )<br>)<br>      Defendants. ) | CIVIL CASE NO. _____<br><br>COMPLAINT |

Plaintiff United States of America for the Use and Benefit of Enviroworks, Inc., and Enviroworks, Inc. by and through counsel, Thomas J. Anderson, Esq. alleges as follows:

JURISDICTION

1. This Court has jurisdiction to Count I herein under the Miller Act, 40 U.S.C 3131 et seq.

2. Venue is proper in this district because the contract which gives rise to this suit and all counts thereto, was performed, and was to be performed, within Douglas County, Nebraska.

3. That pursuant to 28 U.S.C. 1332, this court has original diversity jurisdiction because there exists complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

4. That pursuant to Nebraska Revised Statute 25-701, Plaintiff is permitted to join additional claims it has against Defendant Coastal Enviromental Group, Inc., thereby Counts II through V are included herein.

## GENERAL ALLEGATIONS
## COUNT I – NON-PAYMENT OF INVOICES

5. Enviroworks, Inc, (hereinafter "Enviroworks") is a corporation organized and existing under the laws of the State of Nebraska with its principal office and place of business at 5934 South 25th St., Omaha, Nebraska, 68107.

6. Defendant Coastal Environmental Group, Inc. (hereinafter "Coastal") is a corporation organized and existing under the laws of the State of New York, with an office at 2411 Martha St., Omaha, NE 68105 and registered agent of CSC-Lawyers Incorporating Service Company, 233 South 13th Street, Suite 1900, Lincoln, NE 68508.

7. Defendant Aegis Security Insurance Company, (hereinafter "Aegis") is a corporation duly authorized to engage in business of executing surety bonds in the State of Nebraska, with its registered office address according to the State of Pennsylvania Department of State and place of business to be located at 2407 Park Drive, Harrisburg, Pennsylvania.

8. That on or about March 1, 2007, Coastal entered into a contract in writing with the United States of America Environmental Protection Agency, Region VII, Kansas City, Kansas, (hereinafter "EPA") to conduct remediation of soil contamination for the presence of lead minerals and associated services relating to lead paint removal, soil removal and landscaping replacement, as well as homeowner coordination and satisfaction reporting. Said contract was designated Contract No. EP- R7- 07- 05 and in the amount of $15,677,760.00.

9. That pursuant to the terms of the contract, Coastal, as principal, and Aegis, as surety, executed and delivered to the EPA their bond, being Bond B10 010 290, conditioned as required by the Miller Act, for the protection of all persons supplying labor and materials in the fulfillment of the work provided in the contract.

10. On or about April 1, 2007, Enviromental Services Group, a New York corporation with its principal location and place of business in Omaha, Nebraska, ("ESG"), and Coastal entered into a contract entitled "MEMORANDUM OF UNDERSTANDING" whereby ESG was to furnish certain labor and equipment required for the Omaha Lead Project, understood between the parties to be the Environmental Protection Agency Omaha Lead Site Remedial Action, Omaha, Nebraska.

11. That a copy of said Memorandum of Understanding contract is attached hereto, made a part hereof, and marked Exhibit A.

12. That ESG is the predecessor and assignor to Enviroworks, both wholly owned by Marcos Mateus, of Omaha, Nebraska, with Enviroworks being the accepted by

   Coastal as the complete assignee of all work, property and contracts of ESG in Nebraska.

13. That over the course of subsequent years, another contract was made between EPA and Coastal, being Contract No. EP-R7-09-06 in the amount of $20,204,100.00.

14. That Enviroworks continued to perform on the same conditions and manner for EP-R7-09-06, invoiced and was to be paid the same.

15. That discussions and communications were made between the Coastal and Enviroworks in the year 2011 in connection with changes to the contract requested by Coastal, but no different terms than the Memorandum of Understanding, Exhibit A, were ever agreed, and operations continued according to the April 1, 2007 agreement.

16. The reasonable total value of such labor and material for the duration of the project to date by ESG and Enviroworks is $4,270,178.70 and such amount was properly and timely invoiced to Coastal.

17. That all work has been completed by ESG and Enviroworks as required under the terms of the contract, until such times and under such circumstances as set forth in Counts III and IV herein.

18. That Coastal has paid ESG and Enviroworks $3,949,957.84 on said invoices, leaving a balance of $320,220.86.

19. Notwithstanding Envirowork's demands for payments, and submission to Aegis under a claim on the bond, no additional money has been paid to Plaintiff since June 22, 2011.

20. That Enviroworks filed a claim under the payment bond on August 30, 2011, receipt of which was acknowledged by Aegis.

21. That it appears to Plaintiff that Aegis did no claim investigation and had no substantive communication with Enviroworks after the submission of the claim.

WHEREFORE, Plaintiff prays for a judgment against Defendants Coastal and Aegis in the amount of $320,220.86 plus judgment interest until paid.

COMES NOW Plaintiff Enviroworks, Inc., to hereby submit the following Counts II, III, IV and V against Defendant Coastal, Inc., for its claims relating to contractual matters with venue proper in Douglas County, Nebraska based upon the contract performed, or to be performed in Douglas County, Nebraska.

## COUNT II- NON-PAYMENT OF PROJECT PROFIT SHARE

22. That Plaintiff re-alleges counts 5, 6, 8, 10, 11, 12, 13, 14 and 15 of the Complaint.

23. That on or about April 1, 2007, Plaintiff and Defendant agreed, as per the Memorandum of Understanding included as Exhibit C herein, that additional compensation would be paid to ESG by Coastal for management services in Omaha to assist and direct the project for Coastal's behalf since Richard Silva, principle of Coastal, lives in the State of New York and was an absentee operator.

24. That as compensation for such services and assistance, ESG was to receive 30% of the profit from the EPA contracts in the following manner - 20% from the net

profit at the end of each calendar year, and 10% by adding amounts to Enviroworks invoices.

25. That the net profit was clearly defined in the said Memorandum of Understanding as "the difference between the payments received by Coastal from the EPA and Coastal's Direct Project Costs (hereinafter the "Net Profit.")".

26. That direct projects costs were clearly defined in said Memorandum of Understanding as to

"…include, but are not limited to, payroll and payroll taxes, all subcontractor costs, all material and vendor cost, per diem, lodging, and transportation expenses (hereinafter the "Direct Project Costs"). Overhead ("OH") and general and administrative ("G & A" costs are not direct costs and are to be recovered through the applicable OH and G & A rates as used in the bid."

27. That ESG and Coastal agreed to alter the agreement regarding the 10% addition to invoices, as it became apparent to them at the onset that such addition would not properly make the 30% accurate.

28. That in lieu of the additional 10% on invoices, as originally agreed, the parties agreed that Plaintiff would be entitled to the full 30%, but that amount was never paid in full.

29. That Defendant has refused to give a final accounting or annual accountings in connection with the profits for the contract, and through discovery should be compelled to give a full, complete and fair accounting of all income and expenses of the project to determine the exact amount owing.

30. That Plaintiff acknowledges that it received $25,000.00 on August 8, 2008, and $190,000 on May 11, 2009, as partial payments on the project profit share, which should be deducted from the final amount due.

31. That the balance due is unascertained, but is believed to be approximately $1,700,000.00 additional.

WHEREFORE, Plaintiff Enviroworks prays for an order compelling disclosure of proper accounting if not supplied through discovery, and after discovery and a showing to the court, a judgment against Defendant Coastal in an amount to be determined by the Court but believed to be approximately $1,700,000.00, plus judgment interest until paid.

COUNT III- DAMAGES FOR LOST FUTURE PROFITS AS SUBCONTRACTOR

32. That Plaintiff re-alleges counts 5, 6, 8, 10, 11, 12, 13, 14 and 15 of the Complaint

33. That during the year 2011, Coastal properly paid the sum of $346,837.46 to Enviroworks on invoices from Enviroworks, but Enviroworks is unpaid for 2011 billings in the sum of $259,166.01.

34. That the excessive shortfall in payments from Coastal caused Enviroworks to have to lay off most of its employees and not be able to continue to perform on its contract with Coastal.

35. That immediately after Enviroworks notified its employees of the layoff, Coastal hired and used the Enviroworks employees as its own and continued to perform the work that Enviroworks was entitled to do.

36. That the action by Coastal to force Enviroworks to lay off its employees and continue the project was a wrongful taking of the net profits of Enviroworks as a subcontractor.

37. That Enviroworks is entitled to compensation from Coastal for its lost profits from being forced off the project by Coastal.

38. That the Court should award a judgment in favor of Enviroworks and against Coastal in an amount to be determined, in an amount estimated to be no less that $200,00.00 for the lost profit as subcontractor from the remaining 2011 project season.

WHEREFORE, Plaintiff Enviroworks prays for an order compelling disclosure of proper accounting if not supplied through discovery, and after discovery and a showing to the court, a judgment against Defendant Coastal for lost profits in an amount to be determined by the Court but believed to be approximately $200,000.00 plus judgment interest until paid.

COUNT IV – DAMAGES FOR LOST FUTURE PROFIT AS PROJECT PARTNER

39. That Plaintiff re-alleges paragraphs 22, 23, 24, 25, 26, 27, 28 and 29 of the Complaint.

40. That pursuant to the agreement between Coastal and Enviroworks, Enviroworks is entitled to 30% of the project profit and would have made that profit but for the wrongful non-payment from Coastal to Enviroworks that caused Enviroworks to have to withdraw from the project.

41. That the wrongful non-payment on the prior years' project profit by Coastal and non-payment of invoices by Coastal are breaches of contract by Coastal and are the proximate cause of Enviroworks losing the project profits for the duration of the EPA contract performed by Coastal.

42. That the Court should award a judgment in favor of Enviroworks and against Coastal in an amount to be determined, in an amount estimated to be no less that $200,00.00 for the lost profit from the remaining 2011 project season.

WHEREFORE, Plaintiff Enviroworks prays for an order compelling disclosure of proper accounting if not supplied through discovery, and after discovery and a showing to the court, a judgment against Defendant Coastal for lost future profits in an amount to be determined by the Court but believed to be approximately $200,000.00, plus judgment interest until paid.

## COUNT V- TORTIOUS INTERFERENCE

43. That Plaintiff re-alleges paragraphs 5, 6, 8,10, 11, 12, 13, 14, 15, 18, 19, 23, 24, 25, 26, 27, 28, 29, 30, 31, 33, 34, 35, 36, 40, and 41 of the Complaint.

44. That the action by Coastal to force Enviroworks to close operation was wrongful and tortious and intentional.

45. That the tortious interference with the Enviroworks employees and contract was designed to force Enviroworks off the job.

46. That such tortuous interference by Coastal caused damage and harm to Enviroworks business.

47. That such intentional tortious actions against Enviroworks by Coastal should be sanctioned and punished by the court by assessing punitive damages and attorney fees against Coastal.

WHEREFORE, Plaintiff Enviroworks prays for a judgment for actual and punitive damages, and attorney fees against Coastal for the tortious interference with the business relationships and contractual expectations of Enviroworks, plus judgment interest until paid.

Dated this 23rd day of December, 2011.

Respectfully Submitted,

UNITED STATES OF AMERICA FOR THE
USE OF ENVIROWORKS, INC., and
ENVIROWORKS, INC., Plaintiffs,

_____
Thomas J. Anderson, Esq. #22779
THOMAS J. ANDERSON, P.C., L.L.O.
12020 Shamrock Plaza, Suite 333
Omaha, NE 68154
402-884-4430 phone
888-701-6190 fax
lawyers@cox.net
ATTORNEY FOR PLAINTIFFS

## MEMORANDUM OF UNDERSTANDING

This Memorandum of Understanding effective as of April 01, 2007, by and among Coastal Environmental Group, Inc., a New York corporation with offices at 1 A S. Chicago Avenue, Bay Shore, New York 11706 ("Coastal"), and Environmental Service Group, Inc. (d/b/a Environmental Service Group, Inc. of New York) a New York corporation with offices at 21-67 46th Street Astoria, New York 11105 ("ESG").

A. The Omaha Lead Project

   1. Background

   On March 21, 2007 Coastal was awarded contract number EP-R7-07-05 by the United States Environmental Protection Agency, Region VII, (the "EPA") for Omaha Lead Site Remedial Action, Omaha, Nebraska (the "Omaha Lead Project"). Coastal wishes to retain ESG to provide Coastal with certain services in connection with the Omaha Lead Project.

   2. Summary of Terms

   ESG will act as a subcontractor to Coastal on the Omaha Lead Project. ESG shall perform such subcontract work as the parties shall agree upon. For services rendered, ESG will submit bi-weekly invoices to Coastal which shall be due and payable by Coastal within seven (7) calendar days of the date of each such invoice.

   Marcos Mateus, President of ESG shall receive a salary of $2,000 per week from Coastal in connection with the Omaha Lead Project. Coastal shall also be responsible to reimburse ESG for 110 percent of all Direct Project Costs related to the Omaha Lead Project. Direct Project Costs include, but are not limited to, payroll & payroll taxes, all subcontractor costs, all material or vendor costs, per diem, lodging, and transportation expenses (hereinafter the "Direct Project Costs"). Overhead ("OH") and general and administrative ("G&A") costs are not direct costs and are to be recovered through the applicable OH and G&A rates as used in the bid.

   ESG shall provide project management services to Coastal in return for which ESG shall receive from Coastal an annual bonus equal to 20% of the net profit for the Omaha Lead Project. The net profit is defined as the difference between the payments received by Coastal from the EPA and Coastal's Direct Project Costs (hereinafter the "Net Profit"). The bonus shall be computed as soon as reasonably practicable following the end of the contract year.


EXHIBIT A

B. <u>Formal Written Agreements</u>

The parties agree that they will enter into more formal written agreements containing customary terms and further evidencing their understanding as set for the herein. However, until such time, this Memorandum of Understanding is an enforceable agreement between the parties. Any and all changes to this Memorandum of Understanding shall be in writing and signed by the parties hereto. No oral agreement or modification shall be binding or effective upon any party who has not signed a written agreement to modify this Memorandum of Understanding. This Memorandum of Understanding contains the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior agreements, written or oral, with respect thereto.
Both parties agree to target finalization of formal agreements by November 1, 2007.

C. <u>Governing Law/Jurisdiction</u>

The parties to this Memorandum of Understanding agree to the application of the substantive law of the State of New York for enforcement and/or interpretation of this Memorandum of Understanding and for the resolution of all issues and disputes concerning this Memorandum of Understanding and/or the rights and obligations of the parties hereto. The parties hereby irrevocably submit to the exclusive jurisdiction of the appropriate State or Federal Court located in New York County, State of New York in any action, suit, or proceeding brought against or relating to or in connection with this Memorandum of Understanding or any transaction contemplated hereby.

D. <u>Term</u>

The Parties acknowledge that the Omaha Lead Project may be renewed beyond the first year at the option of the EPA. However, the parties agree that his Memorandum of Understanding will expire on December 31, 2007. All amounts due hereunder shall remain due and owing despite the expiration of this Memorandum of Understanding.

IN WITNESS WHEREOF, the parties have caused this Memorandum of Understanding to be executed and delivered as of the date first above written.

**COASTAL ENVIRONMENTAL GROUP, INC.**

By: _____
Richard C. Silva, President

**ENVIRONMENTAL SERVICE GROUP, INC.**

By: _____
Marcos Mateus, President