IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE OF ENVIROWORKS, INC., and ENVIROWORKS, INC., <br><br>　　　　　Plaintiff, <br><br>vs. <br><br>COASTAL ENVIRONMENTAL GROUP, INC., and AEGIS SECURITY INSURANCE COMPANY, <br><br>　　　　　Defendants. | Case No.  8:11-cv-00444 <br><br>**STIPULATED PROTECTIVE ORDER** |

　　　　The parties to this action have moved that the Court enter a protective order.  The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court.  Accordingly, it is ORDERED:

　　　　**1.**　　**Scope.**　All documents and information produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below.  The Order is also subject to the applicable rules of procedure and local rules on matters of procedure and calculation of time periods.

　　　　**2.**　　**Form and Timing of Designation.**　A party may designate documents as confidential and restricted from disclosure under this Order by placing or affixing the words "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL designation.  The

1

designation "CONFIDENTIAL " does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3.     **Documents Which May be Designated CONFIDENTIAL.**   Any party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by law or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available.

4.     **Depositions.**   Deposition testimony shall be deemed CONFIDENTIAL only if designated as such within 30 days of receipt of the deposition transcript, in writing.  Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL.  Thereafter, the deposition transcripts and any those portions so designated shall be protected as CONFIDENTIAL, pending objection, under the terms of this Order.

5.     **Protection of Confidential Material.**

(a)     **General Protections.**   Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

(b)     **Limited Third-Party Disclosures.**   The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in subparagraphs (1)-(5).  Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

**(1)** **Counsel.** Counsel (or the parties and employees and agents of counsel) who have responsibility for the preparation and trial of the action;

**(2)** **Parties.** Parties and employees of a party to this Order.

**(3)** **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(4)** **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed or retained by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

**(5)** **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(c)** **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

**(d)** **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as ("copies") of documents designated as CONFIDENTIAL under this Order, or any

individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy, or may be designated as "CONFIDENTIAL" by letter from counsel to a party. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

(e) **Inadvertent Production.** If a party inadvertently produces a document otherwise intended to be "CONFIDENTIAL" without marking it as such, or with a designation that is insufficient for the level of confidentiality that should be attached to the material, it may be disclosed to others until the receiving party becomes aware of the error, *unless* it appears from the face of the material that it contains nonpublic, confidential, proprietary, commercially sensitive, or trade secret information of the producing party. As soon as the receiving party becomes aware of the inadvertent production, the information must be treated as if it had been timely and correctly designated "CONFIDENTIAL", and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to have access to such information, as well as any copies made by such persons.

6. **Filing of CONFIDENTIAL Documents Under Seal.** The Court highly discourages the manual filing of any pleadings or documents under seal. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information

(a) Before any document marked as CONFIDENTIAL is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as CONFIDENTIAL to determine whether, with the consent

of that party, the document or a redacted version of the document may be filed with the Court not under seal.

(b)  Where agreement is not possible or adequate, before a CONFIDENTIAL document is filed with the Clerk, it shall be placed in a sealed envelope marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER DOCUMENTS", displaying the case name, docket number, a designation of what the document is, the name of the party in whose behalf it is submitted, and name of the attorney who has filed the documents on the front of the envelope.  A copy of any document filed under seal shall also be delivered to the judicial officer's chambers.

(c)  To the extent that it is necessary for a party to discuss the contents of any confidential information in a written pleading, then such portion of the pleading may be filed under seal with leave of Court.  In such circumstances, counsel shall prepare two versions of the pleadings, a public and a confidential version.  The public version shall contain a redaction of references to CONFIDENTIAL documents.  The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above.  A copy of the unredacted pleading also shall be delivered to the judicial officer's chambers.

(d)  If any party notifies another party that they intend or need to file one or more of the Protected Documents in response to a motion previously filed, upon request, the parties agree to provide an extension or continuance for the filing of any response to any motion to provide appropriate time to comply with applicable law regarding filing such documents under seal.

**7.     Challenges by a Party to Designation as Confidential.**  Any CONFIDENTIAL designation is subject to challenge by any party (hereafter "party").  Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement.  If agreement is reached confirming or waiving the CONFIDENTIAL designation as to any documents subject to the objection, the designating party shall serve on all parties a notice

specifying the documents and the nature of the agreement.

**8.      Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL shall be by motion under the applicable rules of procedure and local rules of the Court and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

**9.      Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**10.     Obligations on Conclusion of Litigation.**

   **(a)    Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of judgment not subject to further appeal.

   **(b)    Return of CONFIDENTIAL Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal of the above captioned action, all documents treated as CONFIDENTIAL under this Order, including copies as defined in ¶5(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; OR (2) the party

in possession of such document(s) elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL documents.

**(c)  Return of Documents Filed under Seal.**  After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

11.  **Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

12.  **No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL by counsel or the parties is subject to protection applicable law until such time as the Court may rule on a specific document or issue.

13.  **Persons Bound.**  This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered*.

Dated: December 10, 2012        /s/ Lyle E. Strom
                                          LYLE E. STROM, Senior Judge
                                          United States District Court

Stipulated and agreed to by counsel for both parties and filed with consent:

| | |
|---|---|
| COASTAL ENVIRONMENTAL GROUP, INC., Defendant and Counterclaimant, and AEGIS SECURITY INSURANCE COMPANY, Defendant., | ENVIROWORKS, INC., Plaintiff, |
| | By: *s/ Edward M. Fox II*<br>Thomas J. Kenny (#20022)<br>Edward M. Fox II (#24601)<br>KUTAK ROCK LLP<br>1605 Farnam Street<br>Omaha, NE 68102-2186<br>(402) 346-6000 Telephone<br>thomas.kenny@kutakrock.com<br>edward.fox@kutakrock.com<br><br>ATTORNEYS FOR PLAINTIFF<br><br>Dated December 10, 2012 |
| By: */s David M. Newman*<br>Michael S. Degan (#20372)<br>David M. Newman (#24549)<br>HUSCH BLACKWELL LLP<br>1620 Dodge Street, Suite 2100<br>Omaha, NE 68102<br>(402) 964-5000 Telephone<br>(402) 964-5050 Facsimile<br>mike.degan@huschblackwell.com<br>david.newman@huschblackwell.com<br><br>ATTORNEYS FOR DEFENDANTS<br><br>Dated December 10, 2012 | |

8

**ATTACHMENT A**

## ACKNOWLEDGMENT
## AND
## AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof; and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the Court herein in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL in accordance with the Order solely for the purposes of the above captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____


Date: _____        _____
                                                      Signature

9